UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SATISH EMRIT,<br><br>                              Plaintiff,<br><br>v.<br><br>SECRETARY BETSY DEVOS et al,<br><br>                              Defendant. | Case No.:  20cv266-JAH-BLM<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]; AND**<br><br>**2. DISMISSING THE COMPLAINT PURSUANT TO 1915(e)(2)** |

On February 10, 2020, Ronald Satish Emrit ("Plaintiff"), proceeding *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. After a careful review of the record and for the reasons set forth below, the Court (1) GRANTS Plaintiff's motion for leave to proceed IFP, [Doc. No. 2]; and (2) DISMISSES the complaint, [Doc. No. 1] without leave to amend.

**I.     Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of his IFP motion, Plaintiff has submitted an application to proceed in this Court without paying fees or costs. *See* Doc. No. 2. The application indicates Plaintiff is unemployed and receives $750.00 per month in disability benefits during the twelve months prior to filing his complaint. *Id*. at 2. Plaintiff has three checking accounts, two with a combined balance of $42.52, and the other with a balance of $-600.00. *Id*. Plaintiff also has $42 in cash. *Id*. Additionally, Plaintiff receives $121.00 monthly from an undisclosed source, but no income from real property, investments, retirement accounts, gifts, or alimony. *Id*. at 1-2. Plaintiff has no dependents and anticipates no major changes to his income over the next twelve months. *Id*. at 4-5. In contrast, Plaintiff claims monthly expenses in the total amount of $460.00.

In accordance with the information presented, the Court finds the Plaintiff adequately demonstrates his inability to pay the Court filing fee required to proceed with the instant action. Therefore, the Court **GRANTS** the motion for leave to proceed IFP.

## II.   Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### 1.  Standard of Review

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

### B. Analysis

Since at least 2013, Emrit has been a serial filer of frivolous actions in federal courts throughout the United States. *See, e.g., Emrit v. Fed. Bureau of Investigation*, 2020 WL 731171 *1 n.1 (S.D. Cal. Feb. 13, 2020) (discussing Emrit's litigation history); *Emrit v. Universal Music Group*, , 2019 WL 6251365, at *2 (W.D. Wash. Nov 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019) (same); *Emrit v. Nat'l Acad. of Recording Arts and Scis*, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (same).[1] In fact, "over two hundred civil cases and appeals in the federal court system have been filed under [Emrit's] name, and he has been barred from filing suits without leave of court in [several] federal district courts." *Emrit v. Fed. Bureau of Investigation*, 2020 WL 1451623, at *1 (M.D. Fla. Mar. 25, 2020) (internal quotation omitted).

Emrit now attempts to bring suit in this Court against Defendants Betsy DeVos, United States Department of Education, Default Resolution Group, Nelnet, and Action Financial Services, LLC. However, he has also filed identical actions in at least ten other federal district courts throughout the United States. *See Emrit v. DeVos*, 2020 WL 833595, at *1 (E.D. Mo. Feb. 20, 2020) (collecting cases). Although Emrit's complaint could be transferred based on improper venue because his allegations do not appear to be connected to the Southern District of California, "the better course of action [is] to dismiss the case

---

[1] The Texas district court documented cases filed by Emrit since March 2013, along with the results of those actions – each of the forty-seven cases referenced in the chart was dismissed. Since then, Emrit has only continued to clog the federal district courts and appellate courts with meritless and frivolous litigation. A PACER search as of the date of this Order reflects that, including the instant case, Emrit has filed fourteen cases against Secretary Devos and the Department of Education.

at the outset rather than burden another court with a facially frivolous suit." *See id*; *Emrit v. Devos*, No. 8:20-cv-773-T-60TGW, Doc. No. 10, at 2, *Emrit v. Devos*, 2020 WL 1279205, at *1 (S.D. Tex. Feb. 19, 2020), *report and recommendation adopted*, 2020 WL 1272606 (S.D. Tex. Mar. 17, 2020).

Construing Emrit's claims liberally, he alleges that "as a result of his student loans being placed in default, his disability checks are being improperly garnished at a rate of 15%." See Emrit, 2020 WL 833595, at *1. However, as other courts have determined, each of his claims is "conclusory and patently frivolous" and he fails to draw any connection between his legal claims and the factual allegations of his complaint. See id. at *2. Other courts – evaluating the exact same pleading Emrit has filed here – have concluded that "because Emrit's allegations are conclusory and lack an arguable basis in law and fact, his complaint will be dismissed as frivolous under § 1915(e)(2)(B)." *See id*; *see also Emrit*, 2020 WL 1279205, at *1-2. Accordingly the Complaint is **DISMISSED without leave to amend**. Amendment under the circumstances of this case would be futile.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**;
2. The Complaint is **DISMISSED without leave to amend**;
3. The Court certifies that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915 (a)(3), and therefore may not be taken *in forma pauperis*.

**IT IS SO ORDERED.**

DATED: March 10, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE